Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2467 | **DATE** | 7/13/2000 |
| **CASE TITLE** | HARDWOOD LINE MANUFACTURING CO. vs. WHYCO TECHNOLOGIES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order: The Court grants Whyco's motion to reconsider [20-1,2] and denies Hardwood's motion to reconsider [26-1,27-3] the Court's 3/17/00 memorandum opinion and order. The Court grants Whyco's summary judgment motion as to Hardwood's unfair competition and trademark infringement claims, but only to the extent that those claims rely on Whyco's statements that its barrel did not infringe the '286 Patent.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 14 2000 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/13/2000 | |
| | | | date mailed notice | |
| CG | courtroom deputy's initials | 00 JUL 14 AM 8:00 | CG | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARDWOOD LINE MANUFACTURING CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Judge Ronald A. Guzman ) ) 99 C 2467 ) |
| WHYCO TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) |

DOCKETED
OCT 1 4 2000

## MEMORANDUM OPINION AND ORDER

Before the Court are Hardwood Line Manufacturing Co. ("Hardwood") and Whyco Technologies, Inc.'s ("Whyco") motions to reconsider the March 17, 2000 Memorandum Opinion and Order, in which the Court granted Whyco's motion for summary judgment as to Hardwood's patent infringement claim and denied the motion as to the trademark infringement and unfair competition claims. For the reasons set forth below, the Court grants Whyco's motion to reconsider and denies Hardwood's motion to reconsider.

## DISCUSSION

District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). In a narrow set of circumstances, a motion for reconsideration may be brought under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). FED. R. CIV. P. 59(e), 60(b). All motions to reconsider filed within ten days of the entry of judgment are

35

treated as Rule 59(e) motions, and those filed after are treated as Rule 60(b) motions. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e). FED. R. CIV. P. 6(b), 59(e); *Bailey v. Sharp*, 782 F.2d 1366 (7th Cir. 1986).

First, Hardwood filed its motion to reconsider nearly one month after the March 17, 2000 Memorandum Opinion and Order. Therefore, the Court treats the motion as one brought under Rule 60(b). Pursuant to Rule 60(b), a court may allow reconsideration on the "grounds of inadvertence, mistake, excusable neglect, newly discovered evidence, misconduct of the opposing party" or "any other reason [that] justif[ies] relief from the operation of the judgment." FED. R. CIV. P. 60(b). The court may also grant relief from the judgment based on "any other reason justifying relief from the operation of the judgment." *Id.* Rule 60(b) is designed to provide relief from judgment "in exceptional circumstances" necessitating an "extraordinary remedy." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997).

Here, Hardwood offers no reasons sufficient in its brief to satisfy Rule 60(b). Hardwood fails to allege in its brief in support of its motion for reconsideration any inadvertence, mistake, excusable neglect or appropriate misconduct. Hardwood's arguments with regard to its nonconformance with Local General Rules 12(M) and 12(N) do not convince the Court that it should depart from its strict enforcement of such rules. Nor does Hardwood claim that it discovered any "new evidence" which could not have been discovered earlier. Instead, Hardwood merely reiterates its position without citing specifically to the prosecution history.

For example, Hardwood argues that the amendments were for "clarity" purposes rather than surrendering any elements. (Pl.'s Mot. at 2). Defendant, however, rightly points out that the prosecution history fails to support Plaintiff's argument. (Def.'s Mot. at 2). Nowhere in the prosecution history does it state that an amendment to the claims was for "clarity" purposes, and Hardwood fails to reference such a statement in the record. To the contrary, in an amendment dated August 14, 1987, Hardwood specifically emphasized that the amendment overcame the prior art. (Def.'s Exs. Supp. Mot. Dismiss, Ex. L at L37-38.)

These arguments and the others raised by Hardwood in support of its Rule 60(b) motion either were addressed or could have been addressed by Hardwood in response to Whyco's summary judgment motion. Therefore, the Court finds that this is not one of the "exceptional circumstances" where relief from judgment is appropriate pursuant to Rule 60(b).

Second, Whyco filed its motion to reconsider on March 31, 2000, *i.e.*, within ten days of the date of the Memorandum Opinion and Order. Therefore, the Court analyzes Whyco's motion under Rule 59(e). Rule 59(e) provides for reconsideration when there is newly discovered evidence, an intervening change in the controlling law, and manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995).

Whyco argues that Hardwood cannot base its trademark infringement and unfair competition claims in Count II on Whyco's statements that the Whyco plating barrel does not infringe Hardwood's Patent No. 4,740,286 (" '286 Patent") because the Court issued summary

3

judgment in Whyco's favor as to the patent infringement claim. In its response brief, Hardwood acknowledges Whyco's argument when it states: "It would be more appropriate to allow Plaintiff to wait to amend its complaint so that Count II can stand alone without depending from [sic] Count I at some point." Therefore, we grant Whyco's motion to reconsider. Whyco's summary judgment motion is granted as to the unfair competition and trademark infringement claims, but only to the extent that those claims rely on Whyco's statements that its barrel did not infringe the '286 Patent.

## CONCLUSION

For the foregoing reasons, the Court grants Whyco's motion to reconsider [20-1, 20-2] and denies Hardwood's motion to reconsider the Court's March 17, 2000 Memorandum Opinion and Order [26-1, 27-3]. The Court grants Whyco's summary judgment motion as to Hardwood's unfair competition and trademark infringement claims, but only to the extent that those claims rely on Whyco's statements that its barrel did not infringe the '286 Patent.

**SO ORDERED**

ENTERED: 7/13/00

*[signature]*

**HON. RONALD A. GUZMAN**
**United States Judge**